**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMIL ALTIERI,<br><br>*Plaintiff*,<br><br>v.<br><br>BREADMAN TRUCKING, INC., and THOMAS DUNLAP,<br><br>*Defendants*. | ) | Case No.: 2:26-cv-02224 |

**COMPLAINT IN CIVIL ACTION**

Plaintiff, Jamil Altieri, through the undersigned counsel, now files this Complaint in Civil Action averring as follows:

**PARTIES**

1. Plaintiff, Jamil Altieri ("Plaintiff"), is an adult individual who resides in Pittsburgh, Pennsylvania.

2. Defendant, BreadMan Trucking, Inc. ("BMT"), is a domestic business corporation formed in Pennsylvania. BMT maintains a registered office at 205 Chestershire Drive, Oakdale, Pennsylvania 15071.

3. Thomas Dunlap ("Mr. Dunlap") (collectively, BMT and Mr. Dunlap are identified as "Defendants") is the owner and operator of BMT. Upon information and belief, Mr. Dunlap resides in Oakdale, Pennsylvania.

## JURISDICTION

**A. This Court Possesses Subject Matter Jurisdiction Over this Action**

4. This Court possesses subject matter jurisdiction over this matter ("Federal Question Jurisdiction"), because the claims implicate a federal question as they arise under federal law. 28 U.S.C. § 1331.

5. Specifically, Plaintiff brings claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA").

6. Plaintiff is also advancing claims under the Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq*. (the "WPCL") and the Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* (the "MWA").

7. Federal district courts have supplemental jurisdiction over state law claims when they form part of the same case or controversy as federal law claims. *See* 28 U.S.C. § 1367(a).

8. This Court may exercise supplemental jurisdiction over the State Law Claims because they form part of the same case or controversy as Federal Law Claims. *Id.*

**B. This Court Possesses Personal Jurisdiction Over Defendants.**

9. Federal district courts may exercise general personal jurisdiction over corporate defendants in a state where they are "fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

10. A corporate defendant is at home in the states where it is incorporated or maintains its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

11. A corporation incorporated in Pennsylvania is a domestic business corporation. 15 Pa.C.S. § 102(a).

12. BMT is "fairly regarded as at home" in Pennsylvania because it is incorporated there. *Daimler AG*, 571 U.S. at 137.

13. Mr. Dunlap physically resides in Allegheny County, Pennsylvania, and is within the general jurisdiction of this Court.

14. Therefore, this court may exercise general personal jurisdiction over Defendants.

**C. The United States District Court for the Western District of Pennsylvania is the Appropriate Venue for this Action**

15. Venue is proper in the "judicial district where a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2).

16. A substantial part of the events or omissions occurred in the Western District of Pennsylvania because Plaintiff worked for Defendants in Allegheny County, a county in the Western District of Pennsylvania.

17. The Western District is therefore the proper venue. *Id.*

## FACTUAL BACKGROUND

18. In or about February 2026, Plaintiff began working for Defendants as a delivery helper.

19. Plaintiff was paid a flat rate of $200 per day and worked 84 to 105 hours per week for Defendants.

20. In the course of his work, Plaintiff accompanied one of Defendants' drivers on assigned routes and installed appliances for customers throughout the Pittsburgh area.

21. Plaintiff and Defendants' driver ordinarily completed approximately fifteen to sixteen installations and/or deliveries each day.

22. Defendants were the sole source of Plaintiff's work; Plaintiff was forced to attend morning meetings with Defendants; Plaintiff was not able to bring helpers or assistants to jobs; and Plaintiff used all of Defendants' equipment and tools in the performance of his work.

**A. Defendants Erroneously Classified Plaintiff as an Independent Contractor.**

23. From February 2026 to April 2026, Plaintiff worked for Defendants.

24. In the course of this time period, Defendants paid Plaintiff approximately $12,000 for Plaintiff's work on behalf of Defendants.

25. However, Defendants reported the funds paid to Plaintiff through an IRS Form 1099 and did not pay Plaintiff any wages through a payroll system that accounted for the employer-side and/or employee-side tax withholdings..

26. As a result of Defendants' classification of Plaintiff as an independent contractor, Plaintiff incurred a tax obligation of approximately 15.3% on his wages rather than the employee-side obligation of approximately 7.5% he would have incurred had Defendants classified and paid him as an employee.

27. Defendants thereby shifted an employer-side financial obligation to Plaintiff and deprived him of no less than $900 in wages ($12,000 x 7.5%).

**B. Defendants Failed to Pay Plaintiff Overtime Wages.**

28. As averred above, Plaintiff ordinarily worked approximately fourteen to fifteen hours per day across six or seven days per week. Taken together, Plaintiff worked no less than 84 to 105 hours per week for Defendants.

29. Defendants only paid Plaintiff the same flat daily rate of $200.00 and never paid him an overtime premium for hours worked in excess of forty during a seven-day period.

30. Defendants deprived Plaintiff of no less than $11,437.20 in overtime wages (12 weeks x 45 hours per week x $21.18 per hour).

**C. Defendants Withheld Plaintiff's Earned Wages.**

31. During the final week of April 2026, Plaintiff reported for work as scheduled, completed the routes assigned to him, and worked six days in the pay period.

32. Plaintiff completed his assigned installations and returned the necessary materials to the warehouse.

33. Without advance notice to Plaintiff, Defendants withheld his wages for that workweek.

34. Plaintiff asked Mr. Dunlap why Defendants did not pay him.

35. Defendants claimed that they were withholding Plaintiff's wages because of customer complaints associated with his installation team.

36. Plaintiff requested evidence substantiating Defendants' claims and challenged Defendants' authority to withhold his pay.

37. After discussing the matter with his coworkers, Plaintiff learned that there were no customer complaints attributable to him.

38. Despite Plaintiff's protests, Defendants refused to pay him.

39. Plaintiff continued working for Defendants during the following week and worked approximately five additional days.

40. Defendants withheld the wages that Plaintiff earned during that week as well.

41. In total, Defendants deprived Plaintiff of approximately eleven days of pay totaling no less than $2,200.00.

**D. Defendants Terminated Plaintiff After He Complained About His Unpaid Wages.**

42. On May 1, 2026, following Plaintiff's complaints concerning Defendants' failure to pay him a minimum wage, Defendants stopped scheduling Plaintiff for work.

43. Therefore, Defendants terminated Plaintiff's employment.

**COUNT I**
**VIOLATIONS OF THE FLSA**
**29 U.S.C. § 201, *et seq*.**

44. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

45. The FLSA mandates two minimum rates of pay for time employees spend dedicated to workplace operations for covered employers who constitute an enterprise engaged in commerce. 29 U.S.C. §§ 206, 207.

46. Defendants were an "employer" pursuant to 29 U.S.C. § 203.

47. Defendants were an "enterprise engaged in commerce" pursuant to 29 U.S.C. § 206.

48. Plaintiff was an "employee" pursuant to 29 U.S.C. § 203.

49. Defendants were required to pay Plaintiff no less than $7.25 per hour and at an overtime rate of pay pursuant to 29 U.S.C. §§ 206 and 207.

50. Defendants failed to pay Plaintiff no less than $7.25 for every hour worked and failed to pay him an overtime premium for every hour worked beyond 40 hours in a seven-day period in violation of the FLSA.

51. An employee may collect liquidated damages in an amount equal to the amount of wages that are due and owing and, additionally, an award of attorneys' fees. 29 U.S.C. § 216(b).

52. Defendants knew of their obligation to pay wages at a minimum rate and at an overtime rate of pay pursuant to the FLSA and/or showed reckless disregard to their duty to do so.

53. Defendants' conduct was therefore willful.

54. Defendants' actions and conduct were the direct and proximate cause that resulted in violations of Plaintiff's rights under the FLSA, the deprivation of the statutorily required pay, and Plaintiff's damages.

55. Defendants cannot establish "good faith and reasonable grounds" for their violation of Plaintiff's rights, as demonstrated by Defendants' intentional and willful animus in flagrantly disregarding their responsibilities and obligations as an employer.

56. Therefore, Defendants are liable to Plaintiff for actual damages (lost wages), liquidated damages, as well as reasonable attorneys' fees, costs, and expenses.

57. As a direct and proximate result of Defendants' conduct described hereinabove, Plaintiff has suffered tangible economic losses.

58. WHEREFORE, Plaintiff, Jamil Altieri, seeks the damages set forth in the *ad damnum* clause of this Complaint in Civil Action, *infra*.

**COUNT II**
**VIOLATIONS OF THE MWA**
**43 P.S. § 333.101, *et seq*.**

59. Plaintiff incorporates the allegations contained in the paragraphs above as if set forth at length.

60. The MWA, much like its federal law counterpart in the FLSA, mandates a minimum rate of pay and an overtime rate of pay for any hour worked. 43 P.S. § 333.104.

61. Defendants are "employers" under the MWA pursuant to 43 P.S. § 333.103(g).

62. Plaintiff is an "employee" under the MWA pursuant to 43 P.S. § 333.103(h).

63. As averred above, Defendants failed to pay Plaintiff wages at a minimum rate of pay and at an overtime rate of pay in violation of 43 P.S. § 333.104(c).

64. Defendants knew of their obligation to pay wages at a minimum rate and at an overtime rate of pay pursuant to the MWA and/or showed reckless disregard to their duty to do so.

65. Therefore, Defendants' violation of the MWA was willful.

66. Defendants' conduct was the direct and proximate cause that resulted in the deprivation of Plaintiff's statutorily required pay and of Plaintiff's damages.

67. Defendants are liable to Plaintiff for actual damages (lost wages), liquidated damages, as well as reasonable attorneys' fees, costs, and expenses.

68. As a direct and proximate result of Defendants' conduct described hereinabove, Plaintiff has suffered tangible economic losses.

69. WHEREFORE, Plaintiff, Jamil Altieri, seeks the damages set forth in the *ad damnum* clause of this Complaint in Civil Action, *infra*.

**COUNT III**
**VIOLATION OF THE WPCL**
**43 P.S. § 260.1, *et seq*.**

70. Plaintiff incorporates the allegations contained in the paragraphs above as if set forth at length.

71. The WPCL provides employees with a statutory remedy to recover wages and other benefits contractually due to them from their employer. *Oberneder v. Link Comput. Corp.*, 696 A.2d 148, 150 (Pa. 1997) and *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990).

72. BMT a business that employs individuals, including Plaintiff, within the geographic boundaries of the Commonwealth of Pennsylvania and, therefore, is an "employer" under 43 P.S. § 260.2a.

73. Mr. Dunlap is BMT's owner and primary operator and is therefore also an "employer" under 43 P.S. § 260.2a.

74. Defendants failed to pay Plaintiff the entirety of his wages in violation of the WPCL.

75. Defendants improperly classified Plaintiff's earnings as payments made to an independent contractor and deprived Plaintiff of no less than $900 in wages in violation of the WPCL.

76. At all times relevant herein, Plaintiff was contractually owed these wages from Defendants.

77. Defendants have not asserted (and cannot assert) a good faith contest or dispute as to the amount of Plaintiff's wages.

78. Consequently, Plaintiff is entitled to an award of liquidated damages pursuant to 43 P.S. § 260.10.

79. Plaintiff is entitled to reasonable attorneys' fees pursuant to 43 P.S. § 260.9a(f) that were incurred as a result of prosecuting Defendants' conduct described hereinabove.

80. As a direct and proximate result of Defendants' conduct described hereinabove, Plaintiff has suffered tangible economic losses resulting from the deprivation of lawfully owed wages.

81. WHEREFORE, Plaintiff, Jamil Altieri, seeks the damages set forth in the *ad damnum* clause of this Complaint in Civil Action, *infra*.

**COUNT IV**
**RETALIATORY TERMINATION**
**IN VIOLATION OF THE FLSA**
**29 U.S.C. § 201, *et seq.***

82. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

83. The FLSA contains an anti-retaliation provision that makes it unlawful for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…" 29 U.S.C. § 215(a)(3).

84. Plaintiff protested not receiving a minimum rate of pay.

85. Defendants terminated Plaintiff because of his complaints about a minimum wage in violation of the FLSA.

86. Defendants' willful and knowing actions described hereinabove were the direct and proximate cause of the violations of Plaintiff's rights under the FLSA.

87. Defendants are unable to meet their burden of establishing "good faith and reasonable grounds" for their violation of Plaintiff's rights, evidenced by their willful animus in flagrantly disregarding their responsibilities and obligations as an employer.

88. Therefore, Defendants are liable to Plaintiff for actual damages (lost wages), liquidated damages, punitive damages, as well as reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

89. As a direct and proximate result of Defendants' conduct described hereinabove, Plaintiff has suffered not only tangible economic loss in the form of lost front and back pay and corresponding benefits, but also substantial emotional and physical distress, embarrassment and humiliation, pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses he suffered and will continue to suffer.

90. WHEREFORE, Plaintiff, Jamil Altieri, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## JURY DEMAND

91. Plaintiff demands a trial by jury on all matters so triable.

## *AD DAMNUM* CLAUSE

92. For the above-stated reasons, Plaintiff, Jamil Altieri, respectfully requests the United States District Court for the Western District of Pennsylvania to enter judgment in his favor, and against Defendants, BreadMan Trucking, Inc, and Thomas Dunlap, and prays for relief as follows:

a. Declare and find that Defendants committed one or more of the following acts:
    i. Violated the FLSA and MWA in failing to pay Plaintiff a minimum wage;
    ii. Violated the FLSA and MWA in failing to pay Plaintiff overtime wages;
    iii. Violated the FLSA in retaliatorily terminating Plaintiff;
    iv. Violated the WPCL in withholding Plaintiff's wages;
b. Award equitable relief in the form of back pay and front pay;
c. Award liquidated damages to Plaintiff in an amount to be determined at trial;
d. Award pre-judgment and post-judgment interest where accorded by law;
e. Award reasonable attorneys' fees and costs of suit;
f. Award injunctive and other equitable relief as provided by law; and
g. Award such other and further relief as the Court deems just, equitable, and proper.

Date: October 8, 2026

Respectfully submitted,

**STEENLAND LAW, PLLC**

By: *<u>/s/ Kyle H. Steenland</u>*
Kyle H. Steenland (Pa Bar No. 327786)

Steenland Law, PLLC
1575 McFarland Road, Suite 212
Pittsburgh, PA 15216
Phone: 412.368.2324
Fax: 412.214.9182
E-mail: kyle@steenlandlaw.com

*Counsel for Plaintiff,*
*Jamil Altieri*

**VERIFICATION**

I, Jamil Altieri, have read the foregoing Complaint in Civil Action and verify that the statements therein are correct to the best of my personal knowledge, information and/or belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Dated: 10/8/2026

Jamil Altieri
ID dKswaZq1tPFYcm9kFt12XYTk
Jamil Altieri

# eSignature Details

---

| | |
|---|---|
| **Signer ID:** | **dKswaZq1tPFYcm9kFt12XYTk** |
| Signed by: | Jamil Altieri |
| Sent to email: | altierijamil@yahoo.com |
| IP Address: | 172.59.140.156 |
| Signed at: | Oct 8 2026, 10:04 pm EDT |